UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOEL CARDENAS-MENESES** | : | **DOCKET NO. 21-cv-1643** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **S. MA'AT** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 1] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971) by plaintiff Joel Cardenas-Meneses, who is proceeding *pro se* and *in forma pauperis* in this matter. Cardenas-Meneses is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

**I.**
**BACKGROUND**

Plaintiff was an inmate at the FCIO when, on August 27, 2020, at 3:45 a.m., Hurricane Laura hit the town of Oakdale and the federal correctional complex, causing a power outage. Doc. 1, p. 3. Plaintiff alleges that the facility's backup generator only served the emergency lighting, not the air conditioning and, by 6:00 a.m., inmates were crying for help. *Id*. "Their breathing had become shallow because there was no air to breathe, and the heat and humidity were already becoming intolerable." *Id*. When prison staff brought breakfast at 8:00 a.m. and prisoners asked for help, they were told that if they complained, they would be put in the SHU. *Id*. Plaintiff alleges

that as the day progressed, "the situation inside the cells became more desperate" and prison staff ignored their requests to open doors. *Id*.

By the morning of August 28, and by the time conditions had become "even more unbearable" overnight, staff brought in fans to the common area. *Id*. at p. 4. The following day, staff allowed inmates to shower and "breathe air" in the common area and began to hand out bottled water. *Id*. Although the temperature in the cells was allegedly in excess of 90 degrees, plaintiff contends that staff provided insufficient supplies and no opportunity to seek cooler conditions. *Id*.

Plaintiff alleges that by August 30, 2020, several inmates were taken to the hospital after suffering from heat strike, heat exhaustion and dehydration. *Id*. at p. 5. He alleges that during this time period when the inmates had no electricity and were being served cold meals, prison officials were in their offices and the facility training center with air conditioning and hot meals. *Id*.

On Monday, August 21, 2020, power was restored to the facility.

Plaintiff asserts that it is the official policy of the Warden and prison officials to "deny inmates living necessities such as electricity, water and fresh or cool air in conditions that amount to cruel and unusual punishment" *(id*. at p. 5) and that prison officials are unprepared for the types of storms that pass through the area many times per year (*id*. at p. 6).

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Cardenas-Meneses has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. E.*g., Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Theories of the Complaint*

Plaintiff asserts that his constitutional right to be free from cruel and unusual punishment was violated when he and other prisoners incarcerated at FCIO were not provided with adequate water and electricity for five (5) days following a major hurricane that moved through that area in August 2020.

Two requirements must be met before Section 1983 liability will arise for constitutional violations relating to conditions of confinement of the type plaintiff described. First, the alleged deprivation must objectively be "sufficiently serious," which means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 114 S. Ct. 1970, 1984 (1994). To rise to the level of a constitutional violation, the conditions must be "'so serious as to deprive [plaintiff] of the minimal measure of life's necessities,' in this case the basic human need for sanitary conditions." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995)).

Second, the inmate must show that a prison official was deliberately indifferent to inmate health or safety. *Farmer*, 114 S.Ct. at 1984. A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 1978.

The Supreme Court has recently reaffirmed that "deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. . . . The "deliberate indifference" standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]." *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (citing *Board of County Comm'rs v. Brown*, 117 S. Ct. 1382, 1391 (1997) (other citations omitted)). "'Subjective recklessness,'" as used in the criminal law, is the appropriate test for deliberate indifference." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (citing *Farmer*, 114 S.Ct. at 1984.

In the instant case, the "deliberate indifference" standard applies because all of plaintiff's complaints concerning the conditions relate to jail officials' episodic acts or omissions, and no challenge is made to "the general conditions and restrictions of [plaintiff's] confinement, knowingly imposed." *Hamilton v. Lyons*, 74 F.3d 99, 104 n.3 (5th Cir. 1995). Thus, Cardenas-Meneses must allege facts sufficient to establish that any defendant knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

Although the conditions described by plaintiff may have been unpleasant, he has failed to allege a deprivation so extreme that it violates the Constitution. In *Brooks v. Gusman*, slip op. no. 06-5752, 2009 U.S. Dist. LEXIS 16119 (E.D.La., March 2, 2009) (unpublished), the plaintiff complained of the conditions of confinement in the Orleans Parish Prison in New Orleans, Louisiana, in the aftermath of Hurricane Katrina. These conditions, he said, included rising flood waters causing sewage to back up into cells and electrical outages causing ventilation and air conditioning systems to fail. The inmates were later moved to the Broad Street Bridge, Brooks said, where they received no food, water, or medical care for three days. The district court held that there was no showing of deliberate indifference during the "unprecedented flooding" resulting from the levee breaches after the hurricane, and that the temporary conditions complained of did not rise to the level of a constitutional violation. *Id*. at *1.

Similarly, in *Sosa v. Strain*, civil action no. 06-9040, 2007 U.S. Dist. LEXIS 37672 (E.D.La., May 22, 2007) (unpublished), the plaintiff complained of the conditions of confinement in the St. Tammany Parish Jail in Covington, Louisiana, during Hurricane Katrina. Sosa stated that in the aftermath of the hurricane, he did not have access to a telephone, he had insufficient food and water, the ventilation was inadequate, he did not have access to a shower, fresh air, sunshine,

or a healthy environment, and that he was denied medical care. The U.S. District Court for the Eastern District of Louisiana aptly stated as follows:

> The conditions about which plaintiff complains lasted less than two weeks and occurred in the aftermath of one of the worst hurricanes ever to strike this nation. Hurricane Katrina caused virtually all of this area's citizens, incarcerated and free persons alike, to endure hardships and unpleasant conditions during the period of time about which plaintiff complains. Even plaintiff himself does not allege that he conditions about which he complains were imposed on the inmates as a form of punishment or resulted from any malevolent intent on the part of his jailers; rather, they were simply the unfortunate result of an act of nature which wrought devastation throughout this region. The fact that an argument can be made that his jailers should have taken more effective precautions to prepare for the hurricane and its aftermath does not mean that they intentionally violated the inmates' rights by failing to do so.

*Id.* at *pp. 11-12.

Although the conditions plaintiff in the matter presently before this Court describes may be unpleasant, he has failed to allege either deprivations so extreme that they violate the Constitution or sufficiently serious harm resulting from these problems to meet the requirements of *Farmer*, and this claim does not rise to the level of constitutional violation. *Severin v. Hunter*, No. 06-2780, 2007 U.S. Dist. LEXIS 102264, at *16-17 (E.D. La. May 3, 2007). None of plaintiff's allegations about the inconvenience experienced in the aftermath of a major hurricane establish constitutional violations. Hurricane Laura "caused virtually all of this area's citizens, incarcerated and free persons alike, to endure hardships and unpleasant conditions during the period of time about which plaintiff complains." Sosa, supra. Moreover, "the fact that an argument can be made that his jailers should have taken more effective precautions to prepare for the hurricane and its aftermath does not mean that they intentionally violated the inmates' rights by failing to do so." *Id.*

### III.
### CONCLUSION

Plaintiff's claim advances a legally frivolous argument and fails to state a claim for relief under *Bivens*.

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 18th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE